

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-18-2002

# Matson Lumber Co v. Twin Cty Fire Ins

Precedential or Non-Precedential:

Docket 1-1758

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Matson Lumber Co v. Twin Cty Fire Ins" (2002). *2002 Decisions.* Paper 25.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/25

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 01-1758
_____

MATSON LUMBER COMPANY,

Appellant

v.

TWIN CITY FIRE INSURANCE COMPANY

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania

Magistrate Judge:  The Honorable Ila Jeanne Sensenich
(D.C. Civil  No. 00-cv-00001)
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
Tuesday, January 8, 2002

Before: MANSMANN, RENDELL, and FUENTES, Circuit Judges

(Opinion Filed: January 17, 2002)
_____

MEMORANDUM OPINION
_____

FUENTES, Circuit Judge:

On March 13, 1995, Albert T. Carlisle filed a civil action in the District Court for the Western District of Pennsylvania against Matson Lumber Company and Matson Hardwoods, Inc. (now, by merger, Matson Lumber Company). The complaint asserted claims for breach of contract, trespass, and conversion, alleging that Matson Lumber had breached the terms of an agreement between Carlisle and Matson Lumber's predecessor in interest, when it improperly harvested trees in a "no-cut zone" on Carlisle's property. In addition, the complaint requested an accounting, and certain declaratory and injunctive relief.

After commencement of the action, Carlisle voluntarily dismissed the tort claims for trespass and conversion. Therefore, the underlying action was presented to the jury only on Carlisle's claims for breach of contract and declaratory relief. On December 18, 1997, the jury returned a verdict in Carlisle's favor and awarded damages in the sum of $110,000.

On December 10, 1999, Matson brought an insurance coverage action seeking indemnity for the damages it was required to pay Carlisle, under a general liability commercial insurance policy held by Twin City Fire Insurance Company ("Twin City Fire"). That policy stated that Twin City Fire would indemnify Matson Lumber from liability for any 'property damage', defined as "physical damage to tangible property, including all resulting loss of use of that property." The policy also expressly excluded from coverage "any 'property damage' for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement."

On January 3, 2000, Twin City Fire removed the action to the District Court for the Western District of Pennsylvania. On February 28, 2000, on cross-motions for summary judgment, the District Court denied Matson Lumber's motion, but granted Twin City's cross-motion, and dismissed Matson Lumber's claim. See, Matson Lumber Co. v. Twin City Fire Insurance Co., Civil Action No. 00-0001 (W.D. Penn., 2001) (unpublished opinion).

In its ruling, the court determined that because the exclusion language in the

policy was 'clear and unambiguous,' and because Matson Lumber was found liable in
the underlying action solely on breach of contract, applicable Pennsylvania law does not
require Twin City to indemnify Matson. See, e.g., Redevelopment Authority of Cambria
County v. International Ins. Co., 685 A.2d 581 (Pa. Super. 1996) (en banc), appeal
denied, 695 A.2d 787 (Pa. 1997) (where "the underlying suit arises out of breach of
contract which is [excluded] by the provisions of the general liability insurance
policy...applicable case law from this and other jurisdictions compels the conclusion that
[the insurer] ...has no duty to...indemnify [the insured]"). Matson Lumber Company now
appeals the District Court's order.

After a careful review of the briefs and appendices submitted by the parties, we
find no basis for disturbing the District Court's rulings.  Therefore, we will affirm the
order, denying Plaintiff/Appellant Matson Lumber Company's  motion for summary
judgment and granting Defendant/Appellee Twin City Fire Insurance Company's motion
for summary judgment, substantially for the reasons expressed by Magistrate Judge
Sensenich in her well-reasoned memorandum opinion. Id. at 7-13.

_____

TO THE CLERK OF THE COURT:

Kindly file the foregoing Opinion.


                              /s/Julio M. Fuentes

Circuit Judge